IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LEO DIGITAL (HONG KONG) COMPANY LIMITED,** *Plaintiff*, v. **THE PARTNERSHIPS and UNINCOPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** *Defendants*. | **Civil Action No. 1:23-cv-03745** **Honorable Mary M. Rowland** |

## DEFAULT JUDGMENT ORDER

This action having been commenced by Plaintiff Leo Digital (Hong Kong) Company Limited ("Plaintiff") against the Defendants ANNOOMM, DaZhan, georg, hesibhd, Lily's Smart Home, LOFIU, MoSpace Carefree Captial♥(7-12 days delivery), MUERDA, SLYG STORE, youtengbh (the "Amazon Defendants"), stillwantbuy, deals-true (the "eBay Defendants"), au3dpens, OldpostmanGoods, StuddedGems, ElmyCraft, WoodlaneWonder, HolzLichterDE, SereHomeDecor, ArtChrisStore, CraftJoyCo, handmadeworld88, YuTaiGiftShop, Theresaetsy9, tomoresinart, WhaleBellyStudio, YouGuodesignShop, ZzzHomeArt, BoutiqueStyle, Daiduo Xin, Sunrise Pro Home Decor Store, Rapidest Dropshipping Store, Uncle Bill Store, Aishang Home Furnishing Store, Moonlight Dropshipping Store, Top-Handicraft Dropshipping Store, Levi-Home Store, Handicrafts Cross-Stitch Store, Part Of Your World Store, Global Homes Dropshipping Store, 1688 Factory Direct Store Store, Dkinng Store, DAY House Dropshipping Store, Afterward Store, Small House Store, Shop1100322005 Store, YANYUE Store, Curry Store, and Star-ACE Store (collectively, the "Defendants"), and Plaintiff having moved for entry of Default and Default Judgment against Defendants.

1

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defendants received from third parties, including Amazon.com, Walmart.com, eBay.com, Etsy.com, Aliexpress.com, and Temu.com, being notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

The Defendants have not answered nor appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted.

This Court finds that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that the Defendants targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products that infringe Plaintiff's U.S. Copyright Registration Nos. VA 2-302-067, VA 2-292-328, VA 2-290-406, VA 2-288-904, VA 2-292-430, VA 2-292-556, VA 2-292-552, VA 2-292-390, VA 2-292-554, VA 2-292-551, VA 2-292-388, VA 1-477-918, VA 1-477-780, VA 1-478-222, VA 1-477-847, VA 1-478-272, VA 1-478-275, VA 1-478-277, VA 1-478-019, VA 1-477-718, VA 1-477-903, VA 1-477-915, VA 1-477-916, VA 1-477-895, VA 1-478-224, VA 1-478-020, & VA 1-480-005 (the "Copyrighted Works") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that the Defendants' e-commerce stores are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products infringing Copyrighted Works. *See* Dkt. No. 7-2 through 7-38 (showing screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois). Furthermore, Plaintiff provided evidence that

the Defendants have at least imported the infringing goods into the state of Illinois based on the rapid shipping times of one to two days for a number of the infringing goods. *See* Dkt. No. 7-2 through 7-38.

This Court further finds that Defendants are liable for copyright infringement, 17 U.S.C. § 501.

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is **GRANTED** as follows, that Defendants are deemed in default, and that this Default Judgment is entered against Defendants.

This Court further orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. Reproducing the Copyrighted Works, including the importing, selling, and/or offering for sale the wooden decors covered by Plaintiff's copyrights as identified in Exhibit 1 of the Sealed Complaint and any colorable variations thereof (the "Infringing Products") (Dkt. Nos. 7-2 through 7-38);

   b. further infringing Plaintiff's rights in the Copyrighted Works;

   c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

   d. using, linking to, transferring, selling, or exercising control over the online marketplace accounts or any other online marketplace account that is being used to sell or is the means by which the Defendants could continue to sell the Infringing Products; and

   e. operating and/or hosting any website or marketplace account for or on behalf of the Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of

the Infringing Products.

2. Defendants and any third party with actual notice of this Order who is providing services for the Defendants, or in connection with the Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such Amazon, eBay, Walmart, WhaleCo Inc., Etsy, Aliexpress, and Paypal (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, or exercising control over the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which the Defendants could continue to sell infringing goods; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with the Defendants in connection with the sale of Infringing Products.

4. Pursuant to 17 U.S.C. § 504(c), Plaintiff is awarded statutory damages from the Defendants in the amount of $50,000.00 USD for copyright infringement on products sold through at least Defendants online marketplace stores.

5. Any Third Party Providers holding funds for Defendant, including Amazon, eBay, Walmart, WhaleCo Inc., Etsy, Aliexpress, and Paypal, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defendants or the Defendants' online marketplace accounts from transferring or disposing of any funds (up to the damages awarded in Paragraph 6 above) or other of Defendants' assets.

6. All monies (up to the amount of the damages awarded in Paragraph 4 above) currently restrained in Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by the Defendants, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defendants by e-mail at the e-mail addresses provided for Defendants by third parties.

9. The clerk of the court is ordered to release the bond previously posted in this action to Plaintiff.

This is a Default Judgment.

E N T E R:

Dated: December 18, 2023

*Mary M Rowland*
_____
MARY M. ROWLAND
United States District Judge

5